UNITED STATES, Appellee,

v.

George A. POWELL, Jr., Senior Airman, U. S. Air Force, Appellant.

No. 36,218.

ACM 22249.

U. S. Court of Military Appeals.

March 17, 1980.

For Appellant: *Colonel B. Ellis Phillips, Major Gary C. Smallridge* (on brief).

For Appellee: *Colonel Julius C. Ullerich, Jr., Captain Robert T. Mounts* (on brief); *Major Alvin E. Schlechter.*

*Opinion of the Court*

PER CURIAM:

Appellant stands convicted of the possession and sale of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] We granted review to determine whether utilization of the maximum punishment specified for a violation of Article 134, rather than that provided for a violation of Article 92[2] was proper; whether evidence obtained in a search was inadmissible because the authorization to search was based on information not under oath or affirmation; and whether the authorizing officer was disqualified.

Appellant submits that while the United States Air Force modified its regulation prohibiting transactions involving marijuana and a commanding officer no longer has discretion to lodge a charge under Article 92 rather than Article 134, the failure of other services to modify their regulations denies him equal protection of the law.

1. Appellant was also convicted of another specification alleging the transfer of marijuana, but the Air Force Court of Military Review set aside the finding of guilty of that offense and the convening authority determined that a rehearing on the matter was not practical, and he reassessed the sentence on the basis of the remaining findings of guilty. *United States v. Powell,* 4 M.J. 551 (A.F.C.M.R.1977).

2. Uniform Code of Military Justice, 10 U.S.C. § 892. The two offenses were treated as multiplicious for sentencing purposes.

This contention was rejected in *United States v. Hoesing*, 5 M.J. 355 (C.M.A.1978).

■ As to the issues regarding the admissibility of the evidence resulting from the search, our recent decision in *United States v. Fimmano*, 8 M.J. 197 (C.M.A.1980), precludes relief for the failure of the authorizing officer to require that information submitted to him be under oath or affirmation. Our review of the record in light of the factors of disqualification discussed in *United States v. Ezell*, 6 M.J. 307 (C.M.A. 1979), convinces us that the authorizing officer was not disqualified.

A "controlled" purchase of marijuana from appellant was arranged by agents of the Office of Special Investigations at Incirlik Common Defense Installation, Turkey. The government agent was provided money in a sealed envelope and he consummated the purchase in an area located on a military installation. Appellant was apprehended shortly thereafter. The deputy base commander was asked to come to the site, and on his arrival, he was briefed on the matter. On the basis of the information related to him, he authorized a search of appellant's automobile.[3] A search of the automobile resulted in discovery of a quantity of marijuana.

■ While the authorizing officer remained at the site during the search, he did not participate in it. The appellant submits that the officer's mere presence at the scene of the search was disqualifying. We disagree.

In *United States v. Ezell, supra* at 319, the Court observed that presence at the scene did not always result in disqualification. Presence, said the Court,

would indicate to us that the commander has been engaged in law-enforcement activities throughout his participation in the entire authorization process, except in

very extraordinary situations, which we will deal with on a case-by-case basis.

In the discussion of the circumstances of disqualification in *United States v. Boswell*, 6 M.J. 307 at 322 (C.M.A.) the Court went beyond noting that the authorizing officer was present at the scene to point out "that he had been engaged in law enforcement activities throughout his participation in the entire authorization process." *Accord, United States v. Sanchez*, 6 M.J. 307 at 323 (C.M.A.) where the officer was also present at the time of the search. *Also see United States v. Franklin*, 7 M.J. 371 (C.M.A.1979); *United States v. Gorman*, 7 M.J. 50 (C.M.A. 1979); *United States v. Morrison*, 7 M.J. 49 (C.M.A.1979).

■ Here, the authorizing officer had no previous involvement in the investigation; nor did he participate in the search. He was called to the scene of the crime to authorize a necessary search of appellant's vehicle. He merely made himself available to the police agents. His accession to the request for his presence simply expedited the application process; we do not perceive that as participation in the mechanics of the search. *Cf. Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 2325, n. 6, 60 L.Ed.2d 920 (1979). Under *Ezell*, presence at the scene of the search is a strong factor indicating involvement in the enforcement process, but it is not automatic disqualification. We are satisfied that the officer's presence in this case was exclusively a part of the application process and not part of the "competitive enterprise of ferreting out [evidence of] crime." *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948), cited in *United States v. Ezell, supra* at 311.

The decision of the United States Air Force Court of Military Review is affirmed.

---

3. The authorization also included a search of appellant's person, but the record reflects that appellant had been searched prior to the authorization. This search was incident to his apprehension.